# EXHIBIT A

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          : 22-CV-458 (LDH)
                                   :
                                   :
       -against-                   : United States Courthouse
                                   : Brooklyn, New York
                                   :
                                   : January 24, 2024
CHANGGUI HUANG,                    : 3:00 p.m.
                                   :
          Defendant.               :
                                   :

- - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA HEARING
BEFORE THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For the Government:   BREON PEACE
                      United States Attorney
                      Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201
                      BY:  BENJAMIN WEINTRAUB
                         Assistant United States Attorney

For the Defendant:    SAPONE & PETRILLO, LLP
                         40 Fulton Street
                         New York, New York 10038
                      BY:  EDWARD SAPONE, ESQ.

Official Court Reporter:  Michele Lucchese, RPR, CRR,
                         225 Cadman Plaza, 373N
                         Brooklyn, New York 11201
                         718-613-2272
                      E-mail:  MLuccheseEDNY@gmail.com

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

Proceedings                                                      2

THE COURTROOM DEPUTY:  All rise.

THE COURT:  Criminal case for a pleading, 22-cr-458, USA versus Changgui Huang.

Counsel, please state your appearance for the record, starting with the Government.

MR. WEINTRAUB:  Good afternoon, Your Honor. Benjamin Weintraub for the United States.

THE COURT:  Good afternoon.

MR. SAPONE:  Good afternoon, Your Honor, and everyone.  Edward Sapone appearing for and with Changgui Huang, ready for the plea.

THE COURT:  Good afternoon to each of you as well.

Can we just announce for the record the interpreter, please.

THE INTERPRETER:  Yes.  My name is Nancy Wu, W-U, Mandarin interpreter.

THE COURT:  Previously sworn?

THE INTERPRETER:  Yes.

THE COURT:  Thank you so much.  One moment.

Mr. Sapone?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  How does your client wish to proceed today?

MR. SAPONE:  He wishes to change his previously entered plea of not guilty and enter a plea of guilty as to

his plea agreement.

THE COURT:  Thank you very much.

MR. SAPONE:  Yes, Your Honor.

THE COURT:  Mr. Huang, you can remain seated for now.  Your attorney advises me that you wish to enter a guilty plea pursuant to a written agreement with the Government.  This plea is a serious decision.  I have to make sure that you understand your rights and the consequences of your plea.  I'm going to explain some things and I'm going to ask you some questions.  I want your answers to be under oath.

My deputy will administer the oath.

THE COURTROOM DEPUTY:  Mr. Huang, please raise your right hand.

(Defendant sworn.)

THE COURT:  Thank you very much.  Please be seated.  And everyone can remain seated and speak directly into the microphone so that we can hear everything.

Now that you have been sworn to tell the truth, you must tell the truth.  If you were to deliberately lie or omit material information in response to any question that I ask you, you could face additional criminal charges for perjury or for making a false statement.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  When you say things, you have to speak

Proceedings                                                                4

affirmatively.  You can't just wave your head.

THE DEFENDANT:  I understand.

THE COURT:  In any such prostitution, the Government could use any statements you make under oath here today against you.

Do you understand that?

THE DEFENDANT:  Okay.

THE COURT:  Do you understand, yes or no?

THE DEFENDANT:  I understand.

THE COURT:  Okay.  If I say anything that you don't understand or if you need me to repeat anything, please ask. It is extremely important that you understand everything that goes on in this proceeding.

Is that clear?

THE DEFENDANT:  Okay.

THE COURT:  Also, if you need to speak privately with your attorney at any time, please let me know.  We will pause these proceedings and I will give you time to speak with him privately.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  The first issue I want to address is your consent for me to hear your plea.  I am a magistrate judge.  However, Judge LaShawn DeArcy Hall is the assigned district judge in this case.  She will sentence you and make

the ultimate decision as to whether to accept your guilty plea. You have the absolute right to have Judge DeArcy Hall listen to your guilty plea. If you choose to do that, there will be no prejudice to you.

Alternatively, if you choose, you may waive or give up the right to have Judge DeArcy Hall listen to your plea. Instead, I will listen to your plea. There's a court reporter here who will make a transcript of the proceedings today. Judge DeArcy Hall would review that transcript and decide whether to accept your plea. She would also review the transcript before deciding what your sentence will be.

I have before me a document entitled consent to have a plea taken before United States Magistrate Judge Marcia Henry. And I know it is a little far away, but have you seen this document and had time to review it?

THE DEFENDANT: Correct.

THE COURT: And have you had sufficient time to discuss this document with your attorney?

THE DEFENDANT: Yes, I have.

THE COURT: Is this your signature on the first signature line on the page?

THE DEFENDANT: Correct.

THE COURT: And Mr. Sapone, is this your signature underneath your client's?

MR. SAPONE: Yes, it is, Your Honor.

Proceedings                                              6

THE COURT:  Mr. Weintraub, is that your signature above the name of the U.S. Attorney?

MR. WEINTRAUB:  Yes.

THE COURT:  This document says, in sum and substance, that you have been informed of your right to have your plea taken before a United States district judge.  It also says that you have been advised that you may agree or consent to have your plea taken before a magistrate judge.  In this case, me.

It also says that you understand you won't suffer any prejudice if you choose not to agree to have the magistrate judge hear your plea.

Finally, it says that you understand if you don't consent that the district judge assigned to the case, rather than the magistrate judge, will hear your plea.  It says that you have discussed this matter fully with your attorney and that after doing so you agree to enter a plea to before a magistrate judge in this case, me.

Do you understand what I have just summarized for you?

THE DEFENDANT:  I do.

THE COURT:  Do you wish to give up your right to have Judge DeArcy Hall listen to your plea?

THE DEFENDANT:  Correct.

THE COURT:  Are you making this decision voluntarily

Proceedings                                              7

and of your own freewill?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone threatened or promised you anything to get you to agree to have me hear your plea?

THE DEFENDANT:  No.

THE COURT:  Okay.  All right.  Then I find that the defendant is knowingly and voluntarily consenting to plead before the magistrate judge and I am signing the consent.

Now I have to ask you some questions about yourself and your state of mind.

Can you please state your full name for the record?

THE DEFENDANT:  Changgui Huang.

THE COURT:  How old are you?

THE DEFENDANT:  32.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Middle school.

THE COURT:  Have you had any problems communicating with your lawyer, either directly or with the help of an interpreter?

THE DEFENDANT:  Through an interpreter, no problem.

THE COURT:  Have you now or have you recently been under the care of a doctor or a psychiatrist for any reason?

THE DEFENDANT:  No.

THE COURT:  Have you recently been or are you now under the care of any other sort of medical professional?

Proceedings                                                          8

THE DEFENDANT:  No.

THE COURT:  Are you taking any medications?

THE DEFENDANT:  No.

THE COURT:  Have you had any alcohol to drink within the last 24 hours?

THE DEFENDANT:  Last night I did drink some alcohol, alcoholic drink.

THE COURT:  What did you drink?

THE DEFENDANT:  Beer.

THE COURT:  How much beer?

THE DEFENDANT:  Only one bottle.

THE COURT:  One bottle of beer.

Is that having any effect on you now?

THE DEFENDANT:  No.

THE COURT:  Have you taken any drugs recently?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for drug addiction?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for alcoholism?

THE DEFENDANT:  No.

THE COURT:  Have you ever been treated for a mental or emotional issue?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear now?

THE DEFENDANT:  I'm clear, clear-minded.

THE COURT:  Do you understand why you're here and what we're doing here today?

THE DEFENDANT:  I do.

THE COURT:  I do note for the record that the defendant appears alert and able to understand my questions, as well as the proceedings today.

Mr. Sapone, have you had any problems communicating with your client using an interpreter or directly?

THE DEFENDANT:  No, Your Honor.  I have used the services of Lilly Lau from the beginning of the case.  I've known Lilly for many, many years, and it has been very easy to communicate with the help of Lilly.

THE COURT:  Okay.  Is your client capable of understanding the nature of the charge to which he is pleading guilty?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  Have you discussed the charge with your client and what it means to plead guilty?

MR. SAPONE:  Yes, extensively, Your Honor.

THE COURT:  Have you advised him of the maximum sentence and fine that can be imposed as a result of his plea?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  Have you discussed with him how the

Sentencing Guidelines operate?

MR. SAPONE:  Yes, I have, Your Honor.

THE COURT:  Have you discussed with him any potential immigration consequences, including deportation, of his guilty plea?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  Are you satisfied that he understood all of your discussions?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  Do you think he understands the rights that he will be waiving or giving up by pleading guilty?

MR. SAPONE:  I do, Your Honor.

THE COURT:  Do you have any doubt about his competence to plead guilty here today?

MR. SAPONE:  No, Your Honor.

THE COURT:  Mr. Huang, have you had enough time to discuss your case with your attorney?

THE DEFENDANT:  Yes, I have.

THE COURT:  And are you satisfied with the assistance your attorney has given you in this case?

THE DEFENDANT:  I'm satisfied.

THE COURT:  Now, I would like to review the charge against you.  Have you received a copy of the indictment in this case?

THE DEFENDANT:  Yes, I have.

Proceedings                                                  11

THE COURT:  Have you discussed the indictment with your attorney?

THE DEFENDANT:  Yes, I have.

THE COURT:  I understand that you are seeking today to plead guilty to Count Eleven of the indictment charging you with money laundering conspiracy.  Do you understand what you have been charged with?

THE DEFENDANT:  Yes, I do.

THE COURT:  To convict you of this offense, the Government would have to prove beyond a reasonable doubt that first:  Two or more persons entered into an unlawful agreement to commit a money laundering offense; and second, that you knowingly and intentionally became a member of that conspiracy.

Now, the money laundering offense that is the object of the charged conspiracy is engaging in monetary transactions in property derived from specified unlawful activity, which is a form of money laundering.

The elements of this offense are:  First, engaging in a monetary transaction in or affecting interstate; second, the monetary transaction involved criminally derived property of value greater than $10,000; third, the property was derived from specified unlawful activity; fourth, acting with knowledge that the transaction involved proceeds of a criminal offense; fifth, the transaction took place in the United

Proceedings                                                    12

States, or the transaction took place outside the United States and the person engaging in the transaction is a U.S. citizen, national, or permanent resident.

Do you understand what the Government would have to prove to convict you of this offense?

THE DEFENDANT:  I understand.

THE COURT:  Counsels, have I misstated or omitted any of the essential elements of the offense?  Mr. Weintraub?

MR. WEINTRAUB:  No, Your Honor.

THE COURT:  Mr. Sapone?

MR. SAPONE:  No, Your Honor.

THE COURT:  Now, Mr. Weintraub, under the Crime Victims Rights Act, crime victims have the right to be reasonably heard at any public proceeding in the district court, including plea hearings.

Does this case implicate the CVRA?

MR. WEINTRAUB:  Yes.

THE COURT:  And have all victims been identified and notified of today's plea hearing and their rights?

MR. WEINTRAUB:  Yes.

THE COURT:  Are you aware of any victims who would like to be heard in this proceeding?

MR. WEINTRAUB:  Not in this proceeding, no.

THE COURT:  Okay.  For the record, I would note that there is no one in the audience of the court today.  There is

no one in the audience, so there are no victims present during this proceeding.

Sir, by pleading guilty you are giving up very valuable rights.  I want to make sure that you understand the rights that you will be giving up by pleading guilty.

First, you have the right to plead not guilty and to continue to plead not guilty.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  If you plead not guilty, under the Constitution and laws of the United States, you have a right to a speedy and public trial before a jury.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You have the right to be represented by an attorney at any trial and at every other stage of the proceedings.  If you could not afford an attorney, one would be appointed for you by the Court at no charge.  Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  At trial, you would be presumed innocent.  The Government would have to prove you guilty beyond a reasonable doubt based on the elements of the offense I described to you a moment ago.  You do not have to prove that you are innocent.  If the Government failed to prove you

guilty beyond a reasonable doubt, the jury would have to find you not guilty.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  At trial, witnesses for the Government would have to come to court and testify in your presence. Your lawyer would have the right to cross-examine these witnesses and to raise legal objections to the Government's evidence.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  At trial, you also have the right to offer testimony or other evidence in your defense, and you have the right to compel witnesses to testify on your behalf.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  At trial, you would have the right to testify on your own behalf if you chose to.  But if you chose not to testify, you could not be forced to or required to. This is because under the Constitution and laws of the United States, you cannot be compelled to be a witness against yourself and to incriminate yourself.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Also, if you chose not to testify or to

Proceedings                                            15

present any evidence in your defense, the fact that you chose not to testify or present evidence could not be used against you.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  If you plead guilty to the crime charged and if your guilty plea is accepted based on my recommendation, you will be giving up your right to a trial and all the other trial rights I have just discussed.  There will be no trial in your case.  You will stand convicted of the crime to which you are pleading guilty just as if a jury found you guilty.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  If you plead guilty, I will have to ask you certain questions about what you did in order to satisfy myself and Judge DeArcy Hall that you are, in fact, guilty of the charge to which you are pleading guilty.  You will have to answer my questions truthfully and acknowledge your guilt. This means that you will be giving up your right not to incriminate yourself.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Are you willing to give up your right to a trial and all the other trial rights that I have just

Proceedings                                        16

described?

THE DEFENDANT:  Yes.

THE COURT:  Now, as mentioned, there is a written agreement in this case, which is marked now as Court's Exhibit 1, and I'm holding up the document here.  I know it is far away, but have you had an opportunity to review this document?

THE DEFENDANT:  Yes, I have.

THE COURT:  And did you discuss this document with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  I'm going to turn to the last page of the document and I'm going to read the acknowledgment block.

It says:  I have read the entire agreement and discussed it with my attorney.  I understand all of its terms and am entering into it knowingly and voluntarily.

Mr. Huang, is this your signature directly underneath the acknowledgment block here?

THE DEFENDANT:  That's right.

THE COURT:  Mr. Sapone, is this your signature underneath your client's?

MR. SAPONE:  Yes, it is, Your Honor.

THE COURT:  And underneath that, is that the signature of the person who translated this agreement for your client?

MR. SAPONE:  Yes.  That's Lilly Lau's signature.

Proceedings                                          17

She's the interpreter who has been helping me.

THE COURT:  Thank you.

Mr. Weintraub, is this your signature below the name of the U.S. attorney?

MR. WEINTRAUB:  Yes.

THE COURT:  And below that, is that the electronic signature of a supervisor assistant U.S. attorney?

MR. WEINTRAUB:  Yes.

THE COURT:  Mr. Huang, by signing the agreement, do you agree to all of the terms of the agreement?

THE DEFENDANT:  Correct.

THE COURT:  Do this agreement accurately represent your entire understanding of your agreement with the Government concerning your plea of guilty?

THE DEFENDANT:  Correct.

THE COURT:  Mr. Sapone, have you discussed this agreement with your client?

MR. SAPONE:  Yes, Your Honor.

THE COURT:  And do you believe he fully understands the terms of this agreement?

MR. SAPONE:  Yes, I do, Your Honor.

THE COURT:  Okay.  Does this agreement contain all the promises made between the Government and your client in exchange for his plea of guilty?

MR. SAPONE:  It does, Your Honor.

Proceedings                                                18

THE COURT:  Mr. Weintraub, does the agreement contain all the promises made between the Government and the defendant in exchange for his plea of guilty?

MR. WEINTRAUB:  Yes.

THE COURT:  Now, Mr. Huang, I want to review the consequences of pleading guilty with you.

The charge of money laundering conspiracy, specifically the type of money laundering conspiracy that you are charged with, carries the following potential penalties: First, there is a 10-year maximum term of imprisonment and no minimum term of imprisonment.  After any prison term, a maximum term of three years of supervised release is provided.

What that means is if you were sentenced to a term of imprisonment, after you are released from prison, you will be supervised by the Probation Department and have to abide by certain restrictions and requirements for up to three years. If you violate any of the conditions of supervised release during this period, you could be sentenced to up to two more years in prison without credit for the time that you had been on supervised release or in prison in this case.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  There is a maximum possible fine of either $250,000 or twice the gross gain to you or twice the gross loss to someone else, whichever is greater, or an amount

not more than twice the amount of the criminally derived property involved in the transaction.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  The Court has the authority to impose restitution where applicable.

Mr. Weintraub, is restitution an issue in this case?

MR. WEINTRAUB:  Yes.

THE COURT:  And Mr. Huang, restitution in this case is mandatory in the full amount of each victim's losses in an amount to be determined by the Court.  Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You will be required to pay the mandatory special assessment of $100.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  In addition, forfeiture is mandatory as set forth in paragraphs 7 through 14 of the plea agreement. Primarily, you agree that the Court may enter a forfeiture money judgment in the amount of $165,438.96.  You also agree that you waive or give up any right to a jury trial or a hearing on the issue of forfeiture.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And for the record, there was a draft

Proceedings                                            20

preliminary order of forfeiture that was provided to the Court.  Was that copy also provided to defense counsel, Mr. Weintraub?

MR. WEINTRAUB:  Yes, I believe so.  They were on the e-mail.

THE COURT:  Okay.  Mr. Huang, if you are not a United States citizen, another result of pleading guilty is that you may be removed from the United States, denied citizenship and denied admission to the United States in the future.  Removal and other immigration consequences would be the subject of a separate proceeding.

Do you understand that there may be immigration consequences to your guilty plea?

THE DEFENDANT:  Yes.

THE COURT:  Do you know that no one, including your attorney or the Court, can predict with certainty the effect of your conviction in this case on your immigration status?

THE DEFENDANT:  I understand.

THE COURT:  Do you still wish to plead guilty regardless of any immigration consequences that may result from your plea even if those consequences include your removal from the United States?

THE DEFENDANT:  Yes, I'm willing to.

THE COURT:  Now, you are pleading guilty to a felony offense.  If the district judge accepts your plea, you will be

considered guilty of that felony offense.  A felony conviction means that you may not possess a firearm, ammunition, or destructive device.  This means that if you ever possess a firearm, ammunition, or a destructive device after your conviction, you can be prosecuted in the future for being a felon in possession.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  In addition, having a felony conviction means that you may not have other civil rights, such as the right to vote, to hold public office or to serve on a jury.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Mr. Weintraub, have I misstated or omitted any of the consequences for pleading guilty?

MR. WEINTRAUB:  No, Your Honor.

THE COURT:  Mr. Huang.  Do you understand all of the consequences of pleading guilty which I have just described?

THE DEFENDANT:  I understand.

THE COURT:  As I mentioned, if you plead guilty, Judge DeArcy Hall will sentence you.  I want to briefly review how she will determine your sentence.  She will undergo an analysis to determine what a reasonable sentence is in your case.  As a first step, she must consider the Advisory Sentencing Guidelines that are issued by the United States

Proceedings                                              22

Sentencing Commission.  Those guidelines are just what they say; in other words, they are a guide to help the Court to decide how to sentence you.  The guidelines are not mandatory.  However, the Court is required to consider them.

Have you had a chance to discuss the Sentencing Guidelines with your lawyer?

THE DEFENDANT:  Yes, I have.

THE COURT:  As a second step, the Court will also consider guidelines factors that may allow her to sentence you above or below the applicable Sentencing Guidelines range, what's known as departing upward or departing downward from that range.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Finally, the Court must consider several factors set forth in the sentencing statute against all of the facts and circumstances of the case to determine whether to impose a sentence within or outside of the guidelines range.  Some of the factors include the nature and circumstances of the crimes committed, your characteristics and history, the kinds of sentences available, and deterring you or others from committing crimes, among other factors.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  What this generally means is that until

your sentencing hearing, you cannot know with any certainty what the guidelines range will be, whether there will be grounds to depart upwardly or downwardly, or whether the Court will impose a sentence outside the guidelines.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  To help the judge decide your sentence, the Probation Department will prepare a report about the case. The report will include facts about the case and about your background and the law that applies to your case.  Probation will want to interview you.  You can have your lawyer present for that interview.

Probation will also talk with the prosecutors or law enforcement agents involved in the case and possibly others.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  The report also includes a recommended guidelines calculation based on the circumstances of the offense and the extent of your criminal history.  Your attorney will be able to review and discuss that report with you and to challenge information stated in the report.  The Government may also challenge information stated in the report.

Do you understand that?

THE DEFENDANT:  I understand.

Proceedings                                                      24

THE COURT:  At the sentencing hearing, the Court will hear arguments from your attorney and attorneys from the Government about any objections to the report and then will rule on them.  And then the judge will listen to you, if you chose to speak, to your attorney, to the attorney for the Government and maybe others about what the sentence should be.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  The judge will calculate the applicable Sentencing Guidelines and consider them and the statutory factors, and she will impose a sentence based on all of that.

Do you understand this process I have just described?

THE DEFENDANT:  I understand.

THE COURT:  I'm now going to ask counsel for both sides what their estimates of the guidelines are in this case. And if you could just focus solely on the total adjusted offense level, the Criminal History Category as estimated, and then the corresponding guidelines range.

Mr. Weintraub.

MR. WEINTRAUB:  Your Honor, the total offense level with the reductions contemplated, okay.  Your Honor, the Government estimates that the total adjusted offense level is 21.  The Government at this time believes that the defendant is in Criminal History Category I.  An adjusted offense level

of 21 in Criminal History Category I correlates to an advisory guidelines range of imprisonment of 37 to 46 months.

THE COURT:  Thank you.

Mr. Sapone.

MR. SAPONE:  Yes, Your Honor.  According to the agreement, this is a statutory range.

THE COURT:  Do you agree with the assessment that Mr. Weintraub just stated?

MR. SAPONE:  Yes, I do.

THE COURT:  Now, Mr. Huang, in your agreement with the Government, you also stipulate or agreed with the guidelines calculation that was just described on the record.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You also stipulate and agree that you engaged in the following conduct:  First, between in or about September 2020 and May 2022, that you knowingly and intentionally executed a scheme and an artifice to defraud one or more financial institutions, which is the bank fraud; second, between in or about January 2021 and July 2022, that you knowingly and intentionally participated in the operation of an unlicensed money transmitting business affecting interstate and foreign commerce, known as the unlicensed money transmitting business; third, that between in or about December 2021 and July 2022, you knowingly and intentionally

used one or more false, forged, counterfeited, mutilated, or altered passports and instruments purporting to be passports, in other words, passport fraud.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You also agree that the conduct I just described shall be considered by the Court in calculating the applicable guidelines just as if you had been convicted of additional counts charging each of those offenses.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You also agree to waive or give up any right to a jury trial about these facts.  Do you understand?

THE DEFENDANT:  I understand.

THE COURT:  You further agree that you will not challenge these facts at any sort of sentencing hearing or otherwise.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Now, while I did ask the attorneys to estimate the applicable guidelines range and you agree with the estimate and some of the other facts included in the agreement, ultimately the estimate of the guidelines range that you heard is not binding on the Court.

Judge DeArcy Hall will do her on Sentencing

Guidelines calculation and that is the calculation that will be used at sentencing.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Even if your actual guidelines range is different from the estimate, you will not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Similarly, if you are sentenced to something different than what the estimated Sentencing Guidelines range will be, you will not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  You should also understand that there is no parole in the federal system.  If you are sentenced to prison, you will not be released on parole.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Under some circumstances, you or the Government may have the right to appeal any sentence imposed on you.  For example, if you thought the judge made a mistake in sentencing you, you would have the right to appeal. However, in your agreement with the Government, you agree that

you won't appeal or otherwise challenge your sentence if you are sentenced to 51 months or fewer in prison.  You may still assert claims of ineffective assistance of counsel.

Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Counsel, is there anything else in the written agreement that I need to review with the defendant? Mr. Sapone?

MR. SAPONE:  No, Your Honor.

THE COURT:  Mr. Weintraub?

MR. WEINTRAUB:  No, Your Honor.

THE COURT:  Mr. Huang, do you have any questions about anything that we have discussed today?

THE DEFENDANT:  No, I don't.

THE COURT:  Do you need any time to discuss anything with your lawyer?

THE DEFENDANT:  No.

THE COURT:  Mr. Sapone, do you know of any reason why your client should not plead guilty?

MR. SAPONE:  No, Your Honor.

THE COURT:  And are you aware of any viable legal defense to the charge?

MR. SAPONE:  No, Your Honor.

THE COURT:  Mr. Huang, are you ready to plead at this time?

Proceedings                                                    29

THE DEFENDANT:  Yes.

THE COURT:  Then tell me, what is your plea to Count Eleven of the indictment charging you with money laundering conspiracy:  Guilty or not guilty?

THE DEFENDANT:  I plead guilty.

THE COURT:  Are you pleading guilty voluntarily and of your own freewill?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone threatened or forced you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Other than the promises in your written agreement with the Government, has anyone promised you anything to make you plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone made any promise to you as to what your sentence will be?

THE DEFENDANT:  No.

THE COURT:  Then please tell me in your own words what you did to make you guilty of the crime charged in Count Eleven of the indictment?

MR. SAPONE:  Your Honor, we had gone over it together, an allocution, which we have written out and translated.  These are his words with my assistance.  Could he read from the paper?

Proceedings                                                30

THE COURT:  Yes.

Mr. Huang, your attorney advises me that you have a written statement that you would like to read to me.  Is that correct?

THE DEFENDANT:  Correct.

THE COURT:  And while you may have had the assistance of your attorney, is what you are about to read your words?

THE DEFENDANT:  Correct.

THE COURT:  And do you agree with everything that you are about to read to me from that statement?

THE DEFENDANT:  I agree to it.

THE COURT:  Then, yes, please read, and Ms. Wu will translate for us.

THE DEFENDANT:  Good afternoon, Your Honor.

I am here today to accept full responsibility for engaging in a conspiracy to commit money laundering.  From May 2021 to August 2022, I agreed with others to launder money that I knew was derived from unlawful activity, especially fraud upon a victim.

Between April 8th and 11, 2022, I knowingly and intentionally made bank transfers that included more than 10,000 of money derived from criminal activity, especially fraud.  I transferred the money using my computer from a bank in Brooklyn.  I engaged in this conduct with the knowledge

Proceedings                                    31

that those transactions involved the proceeds of a fraud.  I

knew that engaging in this conduct was wrong and illegal.  I'm

sorry for my actions and I will pay back all of the money I

owe.

THE COURT:  Is that the totality of your statement,

Mr. Huang?

THE DEFENDANT:  That's right.

THE COURT:  Okay.  Did you know when you agreed with

others that you were agreeing to engage in an unlawful

activity?

THE DEFENDANT:  Correct.

THE COURT:  Okay.  Mr. Weintraub?

MR. WEINTRAUB:  The Government would just proffer a

few things:  First, the fraud that Mr. Huang referred to is

wire fraud, which is a specified unlawful activity under Title

18, United States Code, Section 1956(c)(7)(A).

The transfers that Mr.  Huang engaged in of the

criminally derived proceeds in excess of $10,000 affected

interstate commerce.  They were transfers between banks, some

of which I think were overseas.  Even if not, they were by

routing through the banking system; they affected interstate

commerce.

The defendant allocuted to the fact that the

transfers were made from a computer in Brooklyn, but the

Government would also proffer and I think he would admit that

he entered into the conspiracy also in the Eastern District of New York.

THE COURT:  Well, yes.

Let me just ask you, Mr. Huang, when did you agree to enter into this conspiracy, or this unlawful agreement?  Or where were you when you agreed to enter into this unlawful agreement?

THE DEFENDANT:  You're asking me where I was in person, right?

THE COURT:  Yes.

THE DEFENDANT:  Personally, where I was, right?

THE COURT:  Yes.

THE DEFENDANT:  In Brooklyn.

THE COURT:  Thank you for clarifying.

Any other questions that Mr. Huang should be asked, Mr. Weintraub?

MR. WEINTRAUB:  No, Your Honor.

THE COURT:  Mr. Sapone, is there anything else that you believe I should be asking your client?

MR. SAPONE:  No, Your Honor.

THE COURT:  Or anything else that he would like to proffer to the Court?

MR. SAPONE:  No, Your Honor.

THE COURT:  Okay.  And Mr. Weintraub, is it the Government's position that this allocution satisfies all of

Proceedings                                                    33

the essential elements of the charge to which Mr. Huang is pleading guilty?

MR. WEINTRAUB:  Yes.

THE COURT:  Okay.  Anything else, Mr. Sapone?

MR. SAPONE:  No, I think we have covered it, Your Honor.

THE COURT:  All right.  Then based on the information given to me, I make the following findings: First, I find that the defendant is competent to proceed; second, I find that the defendant is acting voluntarily and that his plea is not the result of any force, threats or undisclosed promises; third, I find that he fully understands his rights and the potential consequences of his plea; finally, I find that there is a factual basis for the plea, meaning, he did what is charged in the indictment.  Therefore, I respectfully recommend that the Court accept the defendant's plea of guilty to Count Eleven of the indictment.

Mr. Huang, the next step is that you will meet with someone from the Probation Department to prepare the presentence report that I described early.  I urge you to cooperate with them, of course, with the advice of your attorney.  You must be truthful and forthcoming with them if you choose to meet with them.

Now, sentencing before Judge DeArcy Hall is set for September 12, 2024 at 11:00 a.m. in Courtroom 4H North.  That

Proceedings                                                    34

is September 12, 2024, 11:00 a.m., Courtroom 4H North.

Counsel are directed to review and comply with Judge DeArcy Hall's individual rules for sentencing submissions.

Mr. Weintraub, is the Government requesting detention at this time?

MR. WEINTRAUB:  No.

THE COURT:  Mr. Huang, the Government is not seeking detention for you at this time.  You are currently on pretrial release with conditions and I direct you to continue to comply with all of the previously imposed release conditions that you received at the time of your initial appearance.

Do you understand that?

THE DEFENDANT:  The same condition as before, right?

THE COURT:  Yes, sir.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  For the record, I am returning the plea agreement, which is now Court Exhibit No. 1, returning that to the Government for its file and to provide the fully executed agreement to the defense.

Mr. Sapone, is there anything else on behalf of Mr. Huang?

MR. SAPONE:  No, thank you, Your Honor.

THE COURT:  Mr. Weintraub, anything else for the Government?

MR. WEINTRAUB:  No.

THE COURT:  Then we are adjourned.

Thank you, everyone.

MR. SAPONE:  Thank you.

MR. WEINTRAUB:  Thank you, Your Honor.

(Matter adjourned.)

                    *    *    *    *    *

I certify that the foregoing is a correct transcript from the record of the proceedings in the above-entitled matter.

/s/ Michele Lucchese                February 8, 2024
_____          _____
Michele Lucchese                    DATE